Good morning. May it please the Court. I'm Matthew Hector on behalf of the appellants Robert Jackson and Jeannette Attrell. Both these consolidated cases were dismissed in the lower court on Rule 12B6, Motions to Dismiss. The main issue in this case is whether a wage garnishment action is a legal action against a consumer as defined in the FACPA and the FACPA's venue provision under Section 1692I. The appellants seek reversal of the district court and or may have referred to proceedings as they believe they've stated a claim. The issue here being is a wage garnishment against a consumer. We need to look to the purpose of 1692I. Congress was concerned about forum abuse. In these types of debt collection cases, especially these large volume small claims cases, the debt collector has a tremendous advantage over the consumer. These are people who are generally poor, elderly, unemployed, and may not have the means to travel to a remote courthouse. The practice had been that cases were filed at the Daly Center in Cook County. After this court's ruling in Swayze, reversing Newsom was determined that that was technically an improper venue. Both of the plaintiffs in the underlying cases lived in Cook County's 6th Municipal District, which is a pretty good distance from the Daly Center. There aren't a whole lot of facts in the record because one of the cases was dismissed without any briefing on the motion to dismiss, and the other was disposed of before we really got to a fact stage. However, the FTC's commentary, I believe, is instructive here because the FTC has said that if a judgment is obtained in a proper venue, you can pursue it wherever it's necessary. One of the arguments made by the appellee, and it was recognized by several of the lower courts, is that they believe there was a slippery slope here. That if we say that trying to garnish wages in an improper venue is deemed to be a legal action against the consumer that could violate 1692I, then we run into a situation where collectors can never collect on judgments. This is untrue. The FTC's commentary is a conditional statement. Counsel, may I ask you a question? If it is an action, the wage garnishment is an action against the consumer, why don't the proceedings impose some duty on the consumer to respond or to become involved? I believe because the consumer is already involved to the extent that the consumer was ostensibly served with process in the underlying collection case. The reason why you have to serve the employer is because there is... I understand why you serve the employer. I mean, if we accept your interpretation, wouldn't the consumer be an indispensable party? Wouldn't they have to appear for everything? I don't think they would have to appear. I think the consumer has the option to appear. Certainly it's the consumer's interest in their earned but unpaid wages. This is the property of the consumer that is being pursued. It definitely impacts the consumer. I mean, all a debt collector has to do is obtain his judgment in the proper venue and per the FTC's commentary, it'd be free to pursue collection efforts wherever the employer may be found or whatever the state law requires. I believe that we're putting form over substance when we talk about the consumer's involvement. Some consumers may choose to appear and say that the amount garnished is too high. Some may appear and say that this money is not garnishable for whatever reason they might have. So there is, I think, some compulsion on part of the consumer to appear if they have a defense to the garnishment. Well, the only defense they can have is that the wages are exempt, correct, under Illinois law? Correct. Correct? Or I guess the garnishment was improperly calculated, that too much money is being taken out. All right, so in some way, whatever is being deducted, they're exempt, whether it's miscalculation or whatever. Correct. All right. Are there any other, is there any case that interprets Illinois law that supports your position that Illinois wage garnishment is not, or is a legal action on a debt against the consumer? None that I'm aware of. And I would point out that a lot of the case law on this is relatively old and not necessarily precedential on Illinois any longer. I would look to the amendments that the General Assembly passed in 1990 that made notice to the consumer and the involvement of the consumer an important component, that we want the consumer to be aware they can come and contest this for certain reasons. Why would we not give the consumer additional involvement if there wasn't some reason, some desire to protect the right of the consumer? Certainly there's a due process consideration there. I believe this is why the Adkins case is instructive in that regard, because there is some due process component. Of course, under this circuit's previous case law, the judgments against the debtors were based on the correct venue. So they did have their day in court, did they not, in view of the state of our case law as it was at that time? Perhaps but I believe that the state of the case . . . Isn't that sort of a yes or no? There's I think a qualifier there that it wasn't mandatory to file in the first district and cook count. The collectors could have filed in the venue most convenient to the consumer and that was overruling Newsom. The choice to file here or there is not on the consumer, it's on the debt collector. If the debt collector chooses a forum that is decidedly most convenient to the debt collector and most likely inconvenient to the consumer, then I think that it's pretty instructive that the intent of the debt collector is to obtain a default judgment and deny the consumer their day in court. But they could have challenged venue just as Suez in the Suez case did, couldn't they have? At the district court level or in the state court? Sorry, in federalist . . . I mean, they could have, I guess, filed a lawsuit like Suez and taken that risk and then brought it up on appeal. However . . . In other words, why do they get a second crack at challenging the judgment in the garnishment proceeding simply because our case law on venue changed after the judgments were entered? Well, I think they get a second crack simply because an uninformed consumer might not even be aware there's a venue provision in the FDCPA that protects them. And in this situation, by the time these consumers were aware they had an address, it was too late to file that underlying FDCPA claim related to the filing of the state case. A debt collector could, in theory, wait until one year and one day after the filing of the underlying state case and then, in the wrong venue, hope the debt collector . . . not the debt collector, I'm sorry, hope the consumer is unaware of their rights and then proceed to go ahead and garnish. And that would deny the consumer his or her day in court. If there's no other questions, I'd like to reserve the rest of my time for a moment. Thank you. Thank you. Mr. Starczyk. Good morning, Your Honors. My name is Michael Starczyk, and I'm appearing on behalf of Blinken Gaines. I think I'm going to address his last point first because I think that's the point that undergirds the concerns before the Court today. What about a case unlike this one? As Your Honor noted, the venue rules changed, so at the time, suit was proper. But what about an unscrupulous debt collector who files suit in Kankakee when the person lives in Lake County? What stops that person from filing suit, getting a judgment, waiting a year and a day, accounting for the leap year, and then filing the wage deduction action? Well, Justice Chang addressed that issue in footnote 5 of the Johnson v. Blinken Gaines case, a case we cite in our brief. In that case, he said, bending 1692I out of a recognizable interpretation is not the proper avenue to protect against that very important policy consideration. What Justice Chang said was this. There are alternate protections within the FDCPA. You could have filed a suit under 1692F, which stated you cannot have an unfair practice, and that would have protected the consumer. They could have argued equitable tolling would apply. But in this case, the only cause of action put before the court was a claim that a legal action, that a wage deduction is a legal action, simply put. Unfortunately, their interpretation of 1692I leaves empty the phrase against any consumer. When you look at the Illinois Wage Deduction Act, it clearly is directed to the party named as the employer, which is an important distinction. Under 12-805, the clerk is to issue a summons that directs to the employer, or more specifically to the party named as the employer, which indicates the action is not against the consumer. Section 807 of the Wage Deduction Act holds that the party named as the employer can be held liable for the full balance of the judgment that's entered against the judgment debtor, not simply a portion of the assets that they may or may not hold. Section 811 limits the judgment debtor, which as Your Honor noted, contesting if there was an accurate deduction or if they're entitled to some exemptions. But I think the most telling aspect of the Illinois Wage Deduction Act is in the definition section. Section 801 addresses the employer as, quote, the person named as the employer. What that means is it's not the party who actually is the employer. Anyone named in a wage deduction summons can be liable for the penalties. In other words, if I'm an employer and I no longer employ Mr. Smith, I am still under an obligation to answer and say I do not have any wages that I'm holding for Mr. Smith. Likewise, if I'm an employer who never employed Mr. Smith, I have an obligation to say I do not employ Mr. Smith. Consequently, the judgment penalty can accrue against someone who holds no asset, against an employer for whom the defendant has no skin in the game. Consequently, the act is entirely directed to penalties towards parties who may or may not be the employer. Go back to, I'm sorry. No, no, please. Go back earlier to the, if the venue was improper when the initial judgment was entered, which is, as I understand it, what the appellants are claiming here, wouldn't those actions be in violation of the Fair Debt Collection Protection's venue requirements, provisions? If you start off in the wrong venue, so you get it, like go back to your example. Walk me through that again. You filed, you've got a judgment in the wrong venue. You have a judgment in the wrong venue. Under 1692I and 1692KD, you have one year from the point that lawsuit is filed to file an action claiming the venue is improper. But under the scenario that I described, where, and I think what we're worried about is giving a debt collector carte blanche to wait that year and then avoid the venue violation. That's exactly what I'm concerned about. The point is that you don't have to have, you don't have to claim a venue violation. The point is that, as Judge Chang noted, under 1692F, you can claim that that debt collector filing suit in the wrong jurisdiction, waiting that year, and then the day later filing the garnishment is an unfair practice. So you don't even have to worry about the underlying venue. You don't worry about the year tolling. Because you're not looking at the sort of action, whether it's a wage deduction and that's against the consumer. What you're looking at is the actual actions of the debt collector. You waited to file the wage garnishment. The wage garnishment itself is not the violation. And I think that's the point that Judge Chang wanted to make. That we're not opening the door here to harm the consumer. What we're actually doing is laying, what we're actually doing is enunciating what courts are required to do. Look at the plain language of the statute and apply it. What the appellants have done is they've taken one part of a section, essentially the subject of the sentence, and then avoided the verb and the direct object. You have to look if it's against the consumer. Why is a garnishment proceeding not a hybrid action in the sense that the consumer at least has a right to contend his or her wages are exempt from garnishment? If you look at the example that's put forth in their brief, they would like to liken it to a hybrid action such as a mortgage. But if you look at the Mortgage Foreclosure Act, the Mortgage Foreclosure Act states that the mortgagee, the person living in the home and formerly paying on the mortgage, is a necessary party. In other words, they have to be a party to the action before anything takes place. In a garnishment, the garnishment statute is very clear. The garnishee is not a necessary party. The rights of the parties have already been determined in the judgment section when the complaint was filed, served, and if there was a trial or not. The Mortgage Foreclosure Act also goes on to state that if you want to seek a monetary judgment, you can do so in that proceeding. But in a garnishment proceeding, the monetary judgment has already been entered. And finally, there is a trial required in the Mortgage Foreclosure Act for there to be any determination as to disposition of property, whereas in the Garnishment Act, that trial or judgment has already previously been entered. And if you look, Your Honors, at the FTC commentary, you have to examine that in the context of the Smith and Atkin Court decision. In both of those courts, their interpretation of the statutes would be rendered superfluous if you applied this non-fact-specific FTC commentary. In fact, I think if you apply the FTC commentary as it's written, it actually raises the same concerns that Your Honor has raised. You could read that to say once venue is proper in a complaint, we never have to look at it again. You're essentially giving a blanket exemption to debt collectors on venue, whereas the Smith-Pickens approach, which requires statutory analysis of the statute, that protects the consumer, because as what happened in the Atkins case, they looked at the statute, they found it was directed against the consumer, so that even though the lawsuit in Atkins was filed against the judgment debtor in the appropriate county, in the county where they lived, the court still found it was improper to choose the venue they chose because the statute was directed against the employer. So frankly, the Smith-Pickens approach applies the greatest protection to the consumer, but also at the same time fulfills the other FDCPA requirement, that is that debt collectors have a right to lawfully collect on their judgments. Unless there's any further questions, I have nothing more to say. Thank you, counsel. Thank you. Mr. Hector? You have two minutes, Mr. Hector. I'd like to start out by addressing Mr. Czarzak's hypothetical with the 1692F claim after the case is filed in the improper venue. And this was not fully briefed, obviously, between the parties, but my understanding of the law here would be that the 1692F claim, its statute of limitations begins to run at the filing date of the underlying collection case or at the date of the filing of the garnishment. However, the 1692F claim, if brought under the garnishment, I think would face the same arguments that we're hearing from counsel now, which is that, well, we got our judgment properly, so we're entitled to go ahead and collect it. And if you allow us to proceed on this theory here, we'll never be able to collect anything. And I just find that to be disingenuous. It seems that based on other rulings from this court, the most likely statute of limitations start date would be the filing of the actual collection case, which totally vitiates that possible avenue. As to the FTC commentary, there is a blanket protection there. If you get a judgment in the proper venue, collect it wherever you want. That's what it already says, and we're not saying that shouldn't be the case. We're saying collect it in the wrong venue. There has to be some or get the judgment in the wrong venue. There has to be some liability down the line. If debt collectors follow the law, they run no risk. If they don't follow the law and an uninformed consumer later discovers that they have been harmed, but after the statute of limitations has run on that claim, they still have redress. It's fully within the boundaries of the FTCPA, and it's, I believe, Congress's intent to protect people against form of abuse. And then finally, as to the hybrid action, the consumer is a necessary party to the extent that they're given notice and an opportunity to intervene in the garnishment proceedings. It's still an action against both a person and a thing, the unpaid yet unearned wages. So with that, I conclude. Thank you. Thank you, counsel. Thanks to both counsel. The case will be taken under advisement, and the court will be in recess.